MISSOURI, K. & T. RY. CO. OF TEXAS v. MARSHALL.

(Court of Civil Appeals of Texas. Dallas. Nov. 1, 1913. Rehearing Denied Nov. 15, 1913.)

1. RAILROADS (§ 479*) — FIRES — ISSUES AND PROOF.

Plaintiff could not recover for the destruction of a building by fire caused by sparks alleged to have been emitted from defendant's railroad engine, on the ground that defendant was negligent in failing to select a proper and suitable grade of coal as fuel, where no such ground of negligence was alleged.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1706–1708; Dec. Dig. § 479.*]

2. RAILROADS (§ 467*)—RIGHT OF WAY—PRIVATE PROPERTY—TRESPASS—WAIVER.

Where plaintiff's building was constructed partly on defendant's right of- way under an agreement with defendant's predecessor, and though defendant had requested the removal of the building, it had waived its demand to an immediate removal, and *tacitly consented* that it might remain until the following July, prior to which time it was destroyed by fire set out by one of its engines, defendant, in an action for loss of the building, was not entitled to defend on the ground that the location of the building constituted a trespass.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1663; Dec. Dig. § 467.*]

3. RAILROADS (§ 459*) — DESTRUCTION OF PROPERTY—LOCATION—CONTRIBUTORY NEGLIGENCE.

Where plaintiff's building located in part on defendant's railroad track was destroyed by fire negligently set out by one of defendant's engines, plaintiff was not bound to assume that defendant's servants would handle its engines negligently, and was therefore not guilty of contributory negligence in allowing the building to remain so near the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1677–1680, 1684; Dec. Dig. § 459.*]

Appeal from Wood County Court; R. E. Bozeman, Judge.

Action by H. C. Marshall against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and Howell & Nabors, of Winnsboro, for appellant. Harris, Suiter & Britton, of Quitman, for appellee.

TALBOT, J. Appellee sued appellant to recover the value of a building owned by him and destroyed by fire originating from sparks emitted from one of appellant's locomotives while the same was being operated along appellant's railroad track near Winnsboro, Tex. The building was situated partly upon appellant's right of way, was built for a storehouse, but was unused and unoccupied at the time of the fire. It is alleged that appellant negligently failed to equip its locomotive with the most approved spark arrester to prevent the escape of sparks of fire therefrom, that its servants in charge thereof negligently and unskillfully handled and operated the same, and that appellant negligently used coal for fuel in firing the locomotive instead of fuel oil. Appellant answered by a general denial, pleas of contributory negligence and assumed risk, and specially that appellee's house was on its right of way without legal right, and that in maintaining it there appellee was a trespasser. A jury being waived, the court upon a trial rendered judgment in favor of appellee for the sum of $242.25, and appellant appealed.

The court concluded from the evidence adduced, as shown by his findings of fact, that appellant used ordinary care in equipping its engine with the most approved spark arrester, and "was not guilty of negligence in failing to use fuel oil for fuel," but that appellant was negligent in the selection of the grade of coal used for fuel, and that its employés in charge of its engine on the occasion in question did not use ordinary care in handling the same to prevent the escape of sparks of fire therefrom, and that if ordinary care had been used the building would not have been burned. The court further found that there was an implied agreement between the appellee and the appellant that the building in question should remain where it was until July, 1911, and that the reasonable market value of the building at the time it burned was $242.25. The court further found that the building was erected by the W. G. Ragland Lumber Company about 20 years prior to its destruction, by permission of the Sherman, Shreveport & Southern Railway Company, the then owner of the railroad.

[1] The assignments of error challenge the correctness of the court's conclusions of law and fact, and ask that the case be reversed and judgment here rendered for appellant, or that it be reversed and remanded for a new trial. After an examination of the record and careful consideration of the assignments of error we have concluded that neither of these things should be done, but that the judgment should be affirmed. We do not concur in the seeming conclusion of the trial judge that there was such an agreement between the Ragland Lumber Company and the Sherman, Shreveport & Southern Railway Company, in regard to the erection of a part of the building in question on that road's right of way and the possession taken, as created the relation of landlord and tenant between them, nor do we agree that the finding of the trial court, to the effect that the appellant was negligent in the selection of the grade of coal used as fuel in the operation of its engine, furnishes any basis for the judgment rendered. The failure on the part of appellant to select a proper and suitable grade of coal as fuel was not alleged as a ground of negligence upon which a recovery was sought, and a judgment predicated upon such failure would be unauthorized. A judgment must be supported by both pleading and proof. We are of the opinion, however, that the court's conclusions, to the effect that there was an implied agreement between appellee and appellant that the building burned should remain partly on appellant's right of way, and that appellant's employés operating its engine did not use ordinary care in handling the same to prevent the escape of sparks, and that the failure to use such care was the proximate cause of the building being burned, are supported and authorized by the evidence.

[2, 3] There is evidence, it is true, that appellant requested the appellee more than once to remove his building off of its right of way, but there is also evidence, justifying the conclusion that after the notices were given appellant, at appellee's solicitation, waived its demand for an immediate removal of the building, and tacitly consented or agreed that it remain where it was until the following July. We do not believe it can reasonably be said, under the circumstances shown, that appellee was guilty of contributory negligence as a matter of law in allowing his building to remain so near appellant's railroad track, and upon the issue of

fact as to whether or not he was guilty of such negligence the court has found in favor of appellee. The court having found, upon evidence warranting it, that appellant's servants were negligent in the operation of the engine, causing the building to be set on fire and burned, we would not be authorized to say appellee assumed the risk of his house being burned on account of its proximity to appellant's road. It cannot be said that appellee knew the railway employés would negligently handle the company's engine, and he did not assume any risk arising from the negligence of appellant.

The judgment is affirmed.